**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IRENE KABWAMA-KALANZI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE SCHINDLER LAW FIRM, P.C., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, IRENE KABWAMA-KALANZI, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, THE SCHINDLER LAW FIRM, P.C., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    IRENE KABWAMA-KALANZI, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Algonquin, County of Kane, State of Illinois.

5.    The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Bank of America (hereinafter, "the Debt").

1

6.      The debt that Plaintiff allegedly owed Bank of America was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      THE SCHINDLER LAW FIRM, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Illinois.  Defendant is registered as a professional corporation in the State of Illinois.

9.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

14.     On or about April 12, 2012, Defendant filed a lawsuit in the name of Cavalry Portfolio Services LLC against Plaintiff in the Circuit Court of the Twenty-Second (22nd) Judicial Circuit, McHenry County, Illinois captioned as *Cavalry Portfolio Services LLC v. Irene Kabwama*, with case number 11-AR-000762 (hereinafter, "The McHenry Lawsuit").

15.     The McHenry Lawsuit was filed against Plaintiff relative to the Debt.

16.     On or about May 3, 2012, Defendant and Plaintiff entered into a payment agreement in relation to the Debt.

17.     Defendant filed an Agreed Order to Dismiss the McHenry Lawsuit with leave to reinstate.

18.     Under the new payment agreement, Plaintiff agreed to pay $33,728.17 as follows: $3,000.00 on or before May 24, 2012; $2,000.00 on or before June 24, 2012; and then the balance in monthly installments of $300.00 commencing July 24, 2012, and continuing monthly until the balance due is paid in full.

19.     Prior to May 24, 2012, Plaintiff contacted Defendant's office and informed it that she would not be able to make her payments as set forth in the payment plan. Instead, Plaintiff made the following payments to Defendant:

(a)     On May 24, 2012, Plaintiff sent a check to Defendant in the amount of $3,000.

(b)     On July 13, 2012, Plaintiff sent a check to Defendant in the amount of $1,000.

(c)     On August 31, 2012, Plaintiff sent a check to Defendant in the amount of $1,900.

(d)     On November 8, 2012, Plaintiff sent a check to Defendant in the amount of $300.

(e)     On December 31, 2012, Plaintiff personally delivered  a check to Defendant in the amount of $300. Defendant's office was closed, so Plaintiff slipped the check under the door.

3

20.     The December 31, 2012 check was cashed by Defendant on January 4, 2013.

21.     On February 1, 2013, Plaintiff received a correspondence from Bank of America, informing her that the bank had frozen her account, because of a Citation to Discover Assets that had been filed by Defendant in  the Circuit Court of the Twenty-Second (22nd) Judicial Circuit, McHenry County, Illinois.

22.     Prior to Defendant issuing a Citation to Discover Assets and freezing Plaintiff's bank account, Plaintiff did not receive a notice informing her she had been delinquent on her payments.

23.     Prior to Defendant issuing a Citation to Discover Assets and freezing Plaintiff's bank account, Plaintiff was current on her payments under the agreed upon payment plan.

24.     Upon information and belief, Plaintiff has at all times resided in the city of Algonquin, County of Kane, State of Illinois.

25.     In its attempts to collect the debt allegedly owed by Plaintiff to Bank of America, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   e. Initiated a legal action on a debt against a consumer in a judicial district other that in which the consumer signed the contract being sued upon or in which the consumer resided at the commencement of the action in violation of 15 U.S.C. §1692i(a)(2)

f.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26.  As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

27.  Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, IRENE KABWAMA-KALANZI, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.  All actual compensatory damages suffered;

b.  Statutory damages of $1,000.00;

c.  Plaintiff's attorneys' fees and costs;

d.  Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**IRENE KABWAMA-KALANZI**

By:  ___s/ David M. Marco___
Attorney for Plaintiff

Dated: March 13, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithmarco.com

5